UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HANCHARIK,
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

CAVALRY PORTFOLIO SERVICES, LLC,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Michael Hancharik, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Calvary Portfolio Service, LLC which is a Delaware company that maintains registered offices in Oakland County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Calhoun County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff to Bank of America in the amount of $18,100.91.

7. Plaintiff, Michael Hancharik, lives at home with both his mother and father.

8. Defendant left Plaintiff automated voicemails on Plaintiff's parents' answering machine disclosing that they are a debt collector on March 5, 2012 at 1:14 p.m., March 8, 2012 at 2:21 p.m., March 12, 2012 at 6:19 pm, March 14, 2012 at 9:09 p.m., March 15, 2012 at 9:32 p.m., March 16, 2012, at 12:28 p.m., March 17th, 2012 at 12:21 p.m. and on March 28th, 2012 at 1:43 p.m.

9. Defendant failed to send a letter within 5 days of initial communication explaining Plaintiff's rights to demand verification of the debt as required by the FDCPA.

10. Plaintiff's mother, Sharon Hancharik, heard some of the messages that Defendant left disclosing that the Defendant is a debt collector.

11. On or about March 19, 2012, Defendant called Plaintiff three times in a row, at 4:08 p.m., 4:10 p.m., and 4:13 p.m.

12. On or about April 13th, 2012, a settlement agreement was reached between the parties.

13. Pursuant to that settlement agreement, the Plaintiff was to pay the sum of $7253.36 no later than April 20th, 2012.

14. On April 13, 2012, Defendant faxed a letter confirming this agreement.

15. On or about April 17, 2012 around 1:50 p.m. Plaintiff contacted Defendant to update it on his efforts to collect the necessary funds to satisfy the settlement agreement.

16. In this conversation, Plaintiff spoke with Defendant's agent, Lisa Ray.

17. Ms. Ray denied that Plaintiff had until April 20, 2012 to satisfy the account and in fact, misinformed him that his payment had been due on the previous date, April 16, 2012.

18. On or about April 28, 2012, Defendant sent Plaintiff a settled in full letter.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

24. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

June 3, 2012
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com